*Id.* at 662. Thereafter, in *Phillips v. Solem*, 336 N.W.2d 382 (S.D.1983), we followed *Tibbetts, supra,* and held "there is no habeas corpus jurisdiction under SDCL 21–27 in an action arising from a penitentiary disciplinary action in view of the alternative existing remedies." *Phillips*, 336 N.W.2d at 383.

**Joe PHILLIPS, Petitioner and Appellee,**

v.

**Herman SOLEM, Warden, South Dakota State Penitentiary, Appellant.**

**Nos. 13906, 13915.**

Supreme Court of South Dakota.

Argued March 24, 1983.

Decided July 20, 1983.

Joseph Neiles, Minnehaha County Public Defender, Sioux Falls, for petitioner and appellee.

Richard Dale, Asst. Atty. Gen., Pierre, for respondent and appellant; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

WOLLMAN, Justice

The State has appealed from an order granting Phillips (petitioner) habeas corpus relief. Petitioner has filed a notice of review. We reverse and remand with instructions to quash the writ.

Petitioner was a trustee at the state penitentiary farm in Yankton. After receiving two disciplinary hearings for violating prohibitions on tattooing contained in the "Living Guide and Regulations of the South Dakota State Penitentiary," petitioner filed a petition for a writ of habeas corpus in circuit court.

Petitioner alleged that the second hearing violated his constitutional right against double jeopardy and that he was denied his due process rights to confront and cross-examine adverse witnesses. After a habeas corpus hearing, the circuit court found the double jeopardy claim to be without merit but concluded that the disciplinary board had failed to follow its own regulation, ARSD 17:50:04:05,* with respect to confrontation and cross-examination of witnesses. The court gave penitentiary officials the choice of granting petitioner a new disciplinary hearing, acting on the basis of the record made at the habeas hearing, or restoring the trustee and work release status and good time credit previously enjoyed by petitioner.

The State contends that the circuit court did not have jurisdiction to entertain the habeas corpus petition under the provisions of SDCL 21–27. We agree.

In *Tibbetts v. State,* 336 N.W.2d 658 (S.D. 1983), we held that there is no habeas corpus jurisdiction under SDCL 21–27 in an action arising from a penitentiary disciplinary action in view of the alternative existing remedies. The administrative remedies discussed in *Tibbetts* apply to the case at hand. We also note that petitioner could have filed a complaint against the application of ARSD 17:50:04:05 pursuant to the inmate grievance provisions of ARSD ch. 17:50:06.

We reverse the order appealed from and remand the case to the circuit court with instructions to quash the writ of habeas corpus.

All the Justices concur.

---

* ARSD 17:50:04:05 provides:

The disciplinary board shall conduct a hearing on all infractions reported in writing. The inmate shall have the right to be represented by a member of the noncustodial staff. The warden or his designee may permit the inmate to retain his own counsel, at the inmate's own expense. The inmate shall have the right to confront and cross-examine all witnesses presented against him at the hearing. The inmate shall have the right to call any witness in his defense subject to a reasonable number as determined by the disciplinary board.